**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (3d) 190371-U

Order filed June 10, 2020

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2020

| | | |
|---|---|---|
| ILLINOIS DEPARTMENT OF HEALTHCARE AND FAMILY SERVICES, *ex rel.* MARCOYA SLAUGHTER, | ) ) ) ) | Appeal from the Circuit Court of the 10th Judicial Circuit, Peoria County, Illinois. |
| Petitioner-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-19-0371 Circuit No. 12-F-381 |
| IAN GAYLES, | ) ) ) | |
| Respondent-Appellant. | ) ) ) | The Honorable Albert L. Purham, Jr., Judge, presiding. |

_____

JUSTICE McDADE delivered the judgment of the court.
Justices Holdridge and O'Brien concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*:   The circuit court did not err when it denied the respondent's petition to modify his child support obligation.

¶ 2    The respondent, Ian Gayles, filed a petition to modify his child support obligation for the child he had with Marcoya Slaughter. After a hearing, the circuit court denied the petition. On appeal, Ian argues the court's decision was erroneous. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4    Marcoya gave birth to a child on October 31, 2011. Ian was determined to be the father of the child in September 2012, but child support was set at $0 because Ian had no income.

¶ 5    In November 2017, the Department of Healthcare and Family Services (DHFS) filed a petition to modify child support, alleging that Ian had income. In April 2018, Ian filed a financial affidavit in which he reported he was working at Caterpillar and had a gross monthly income of $2,908.80. In July 2018, the circuit court entered an order setting Ian's child support obligation at $651.09.

¶ 6    On January 15, 2019, Ian filed a petition to modify his child support obligation, alleging that he had been unemployed since October 2018 and had no income.

¶ 7    The circuit court held a hearing on the petition on June 20, 2019. Ian appeared *pro se*; he presented no evidence other than stating that he had been unemployed for the past 10 months and had no income. The assistant attorney general informed the court that Ian had quit his job, which Ian confirmed. He stated that he had quit due to a back injury he sustained on the job and because Caterpillar would not give him any time off or medical assistance. He admitted that he did not file a worker's compensation claim and that he was presently physically able to work. Ian further stated that since he reported to DHFS in January that he was no longer employed at Caterpillar, he had tried to start a hemp extraction business in Colorado that he "walked away from *** because my partner wanted me to do some unethical things." He also stated that he was looking into enrolling in a truck driver training program, but he lacked the $5,000 necessary to take the course.

¶ 8    During arguments, the assistant attorney general stated that she had not heard of Ian's back injury prior to the hearing and that during the two times that she had met with Ian, he told her that the reason he left Caterpillar was to pursue the hemp extraction business. She further

stated that "the case law is pretty clear on this that you don't get to quit a job and have a modification of your child support." Marcoya's attorney argued that the law provided that voluntarily leaving employment was a basis for imputing income to Ian. He also pointed out that Ian had provided no medical records to substantiate his claim of a back injury. Ian then claimed that he could obtain medical records, but the court denied what it construed as a request for a continuance. The assistant attorney general argued that the case had been continued twice since Ian filed his motion. The court agreed that the case had been pending for a long time and that it was Ian's responsibility to bring evidence to the hearing. The court also found that Ian had left his job voluntarily. Accordingly, the court denied Ian's motion.

¶ 9        Ian appealed.

¶ 10                              II.  ANALYSIS

¶ 11       On appeal, Ian argues that the circuit court erred when it denied his petition to modify his child support obligation. Specifically, he claims that: (1) the court erred by incorrectly calculating his child support payment to be $50.19 more than it should have been; (2) he had suffered two injuries, one to his back and one to his thumb, that made it impossible to continue his job with Caterpillar, who did not make proper accommodations for his injuries; and (3) the court erred when it denied his motion for a continuance.

¶ 12       Initially, we note that Ian agreed to the order setting his child support payment at $651.09 per month and that he never sought to challenge that order within the time required Supreme Court Rule 303(a) (Ill. S. Ct. R. 303(a) (eff. July 1, 2017)). Instead, he raises this issue for the first time in this appeal. "It is well settled that issues not raised in the trial court are deemed waived and may not be raised for the first time on appeal." *Haudrich v. Howmedica, Inc.*, 169

Ill. 2d 525, 536 (1996). Accordingly, the amount at which his child support was set in July 2018 is not at issue in this appeal.

¶ 13    An order requiring the payment of child support may be modified if a substantial change in circumstances has occurred since the entry of the order. 750 ILCS 5/510(a)(1) (West 2018); *In re Marriage of Verhines*, 2018 IL App (2d) 171034, ¶ 51. The burden of establishing that a substantial change in circumstances has occurred is on the moving party. *In re Marriage of Sweet*, 316 Ill. App. 3d 101, 105 (2000). We will not disturb a court's ruling on a petition to modify child support absent an abuse of discretion. *In re Marriage of Adams*, 348 Ill. App. 3d 340, 343 (2004).

¶ 14    Illinois law is clear regarding the effect voluntary unemployment can have on a child support obligation:

> "A party seeking to decrease his or her child support obligation based on a voluntary change in employment must demonstrate that the action was taken in good faith and not to evade financial responsibility to his or her children. Absent good faith, the voluntary termination of employment does not warrant an abatement of child support." *Sweet*, 316 Ill. App. 3d at 106.

In this case, Ian admitted that he had quit his job, and for the first time, he claimed that doing so was necessary due to a back injury he sustained.[1] He provided no evidentiary support for his injury allegation at the hearing. He simply argued at the hearing that he had no income. Under

---

[1] On appeal, he has added to his injury claim by alleging, for the first time, that a thumb injury contributed to his decision to quit. This additional argument was not raised in the circuit court; accordingly, we will not consider it. See *Haudrich*, 169 Ill. 2d at 536.

4

these circumstances, it is clear that Ian failed to meet his burden of proving that his voluntary unemployment was undertaken in good faith. Accordingly, we hold that the circuit court did not abuse its discretion when it denied Ian's petition to modify his child support obligation.

¶ 15       Lastly, Ian argues that the circuit court should have granted him a continuance to obtain medical records related to his alleged back injury. The decision to grant or deny a motion for a continuance is a matter within the circuit court's discretion. *In re Parentage of I.I.*, 2016 IL App (1st) 160071, ¶ 29. We will not disturb that decision unless it constituted an abuse of discretion or has resulted in a palpable injustice. *Id.*

¶ 16       Here, the circuit court noted that the case had been pending for a long time, which is a valid consideration in deciding whether to grant a motion for a continuance (see, *e.g.*, *In re Marriage of Drewitch*, 263 Ill. App. 3d 1088, 1095 (considering prior continuances when deciding whether to grant another). The court also stated that it was Ian's responsibility to bring evidence to the hearing. As the petitioner, Ian had the burden to prove that a substantial change in circumstances had occurred (*Sweet*, 316 Ill. App. 3d at 105) and that his voluntary unemployment was undertaken in good faith (*id.* at 106), yet he decided to appear at the hearing without any evidentiary support for his claims. Under these circumstances, we hold that the court did not abuse its discretion when it denied Ian's request for a continuance.

¶ 17                                III. CONCLUSION

¶ 18       For the foregoing reasons, the judgment of the circuit court of Peoria County is affirmed.

¶ 19       Affirmed.